## 63462. CARPENTER v. THE STATE.

McMURRAY, Presiding Judge.
Defendant was indicted, tried and convicted of the offense of violating the Georgia Controlled Substances Act in unlawfully possessing more than one ounce of marijuana. He was sentenced to serve a term of three years. A motion for new trial was filed, heard and denied. Defendant appeals. *Held:*

1. Error is enumerated to the denial of the defendant's motion to suppress the alleged contraband (box containing individually wrapped plastic bags of suspected marijuana) which was allegedly seized during a warrantless search and seizure in violation of the defendant's constitutional rights. The state's evidence with reference to the seizure of the contraband was that it was in plain view. The officers discovering it had a legal right to be where they were, and the contraband was immediately apparent to be what was suspected, marijuana, the same being discovered inadvertently. It is true that the evidence disclosed that the police officers were advised by an informant that drugs were being sold out of a particular pick-up truck and they had been unsuccessful in setting up a controlled buy. The truck was under surveillance, the officers having been advised that the truck was to pick up some drugs but didn't know where. The pick-up truck had been followed, and the defendant was observed going into a residence and then returning to the truck with a package. The truck was then followed back to the grocery store parking lot.

The officers approached the truck and observed in plain view an open box containing "green vegetation" which appeared to the officer as "Marijuana." The box was opened and contained "thirty-two individually wrapped plastic bags." The defendant was advised of his rights and placed under arrest. The trial court did not err in denying the motion to suppress the seizure of the contraband which was in plain view in the parked pick-up truck. See Coolidge v. New Hampshire, 403 U. S. 443, 444 (2c), 464, 473 (91 SC 2022, 29 LE2d 564); Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067); Ker v. California, 374 U. S. 23, 43 (83 SC 1623, 10 LE2d 726); *Hatcher v. State,* 141 Ga. App. 756 (234 SE2d 388); *State v. Brown,* 158 Ga. App. 312, 314 (279 SE2d 755).

2. The remaining enumeration of error is concerned with the sufficiency of the evidence to convict. After a careful review of the entire record and transcript we find that a rational trier of fact, the jury in the case sub judice, could reasonably have found the defendant guilty beyond a reasonable doubt in considering the evidence, including the contraband, which was in plain view. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678); *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 12, 1982.

*John J. Sullivan,* for appellant.

*Spencer Lawton, Jr., District Attorney, Michael Lewanski, Assistant District Attorney,* for appellee.