### 68751. SNEED v. THE STATE.
### 68876. WILLIAMS v. THE STATE.
(321 SE2d 799)

POPE, Judge.

After a joint trial by jury, appellants Sneed and Williams appeal their convictions for possession of marijuana in violation of the Georgia Controlled Substances Act.

1. Appellants' initial enumerations of error raise the general grounds. The evidence adduced by the State at trial shows the following: On November 6, 1981, acting in response to an informant's tip, officers of the Columbus Police Department set up surveillance of Room 305 of the Days Inn Motel on Macon Road, Columbus, Georgia. According to the informant, the occupant of Room 305, identified as Richard Sanks, would be in possession of a supply of marijuana which was to be sold or exchanged in a drug deal later the same evening. From their surveillance points next door in Room 307 and across the street from the motel, on four occasions police observed Sanks alone leaving and returning to the motel driving a white Chevrolet. He was gone about ten minutes each time.

Returning to the motel from the last of these trips, Sanks was accompanied by two men, appellants Sneed and Williams. The three entered Room 305 and left five minutes later. Police observed that each was carrying something as he left the room: Sanks was carrying what appeared to be a key ring; Williams carried a plaid suitcase; and Sneed carried a brown garbage bag. All three got into a car and drove away whereupon the car was stopped by police who had received radio instructions from those in Room 307. When officers approached the car driven by Sanks, Sneed was in the back seat with the partially unzipped plaid suitcase which contained eight garbage bags of marijuana weighing 3.69 pounds. On the passenger side of the floorboard, police found the open brown plastic bag containing four plastic bags of marijuana weighing 4.08 pounds. Appellants were arrested along with Sanks, and a subsequent search of Room 305 revealed additional marijuana, scales, and newspaper spread out on the motel room floor.

Although appellants deny any knowledge of the presence of marijuana and deny removing anything from the motel room, the evidence was sufficient to enable any rational trier of fact to conclude beyond a reasonable doubt that appellants were in possession of the subject marijuana. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Carpenter v. State*, 161 Ga. App. 264 (2) (287 SE2d 710) (1982).

2. Appellants next contend that improper remarks made by the prosecutor during closing argument resulted in prejudice to them. Initially, we note that the transcript of the trial does not include the State's entire closing argument. Instead, only the defense counsel's objections to certain portions and the response of the trial judge and prosecutor are provided for our review.

In each instance complained of, the trial court sustained the defense objection to the remark and rebuked the prosecutor. "Where counsel makes improper remarks, the court has a duty to rebuke him so as to remove the improper impression or give adequate instructions to the jury so as to remove the prejudicial effect of the remark." *Jordan v. State*, 166 Ga. App. 417, 420 (304 SE2d 522) (1983). In objecting to the last of the assertedly improper remarks, defense counsel also moved for a mistrial. The trial court denied the motion for mistrial, sustained the objection and rebuked the prosecutor. Thereafter, the motion for mistrial was not renewed. If appellants were not satisfied with the court's action in response to the improper remarks of the prosecutor, it was incumbent upon them to renew their objection and motion for mistrial. *Delaney v. State*, 154 Ga. App. 772 (1) (270 SE2d 48) (1980). Moreover, even if the improper argument had gone wholly uncorrected, it is highly probable that this did not contribute to the judgment. See *Jones v. State*, 159 Ga. App. 704 (2) (285 SE2d 45) (1981).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 7, 1984.

*H. Haywood Turner III*, for appellants.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney*, for appellee.