43939. McMILLAN v. THE STATE.
(356 SE2d 866)

CLARKE, Presiding Justice.

James McMillan was indicted in Jenkins County along with Tony

McMillan, Kevin McMillan and Sharon McMillan Bassett for the murder of Curtis Bassett, Sharon's husband; he was convicted of murder and sentenced to life imprisonment.[1]

The order denying James McMillan's motion for new trial was entered in March of 1986. McMillan then filed a pro se notice of appeal to this court in the Superior Court of Jenkins County; he also filed a pauper's affidavit and motion for appointment of counsel for appeal. The public defender of the Ogeechee Judicial Circuit was appointed by the court to represent McMillan on appeal. Briefs and enumerations of error on James McMillan's behalf have been filed by McMillan, pro se, and by the public defender. Upon review of the enumerations and the record in this case, we affirm.

1. The appellant is a co-defendant of Tony McMillan whose conviction was appealed in *McMillan v. State*, 253 Ga. 520 (322 SE2d 278) (1984). The state presented evidence to show that the appellant, James McMillan, and others formed a plan to kill Bassett after he had caused them to be charged in a burglary case and that the plan was in fact carried out by the appellant resulting in Bassett's death. The evidence is essentially the same as that set out in *McMillan*, supra, and we find, as we did in that case, that the evidence presented was sufficient to support the conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. He next complains that the court erred in failing to suppress evidence of a burglary alleged to have been committed by the appellant prior to the murder. The evidence was relevant to show motive, see *McMillan*, supra, for further facts, and there is no evidence in support of the claim that the evidence was improperly seized.

3. Trial counsel's representation of appellant began not later than the arraignment on April 1, 1983; the trial was held on July 19, 20, 21, and 22, 1983. On the day the case was called for trial the defense moved for a continuance on the ground that further time was needed to review documents provided to the defense by the state a day before the trial. These were not materials alleged to be exculpatory under *Brady*, nor were they materials subject to disclosure under OCGA §§ 17-7-210; 17-7-211. There is no evidence that the prosecutor delayed getting materials to the defense. Decisions on whether to grant continuances rest in the sound discretion of the trial court and there is no showing here of an abuse of that discretion. See *Wiley v. State*, 250 Ga. 343 (296 SE2d 714) (1982). Further, there was no error in the

---

[1] The homicide occurred on October 12, 1982. Appellant was indicted March 8, 1983, and convicted on July 22, 1983. A motion for new trial was filed on August 15, 1983. The transcript was certified on February 28, 1984. The motion for new trial was denied March 19, 1986. A notice of appeal was filed to this court on August 18, 1986. The record was docketed here on October 6, 1986, and the case was submitted for decision on November 21, 1986.

court's allowing the material into evidence.

4. The appellant complains of comments made by the trial court; these comments do not amount to an expression of opinion on the guilt or innocence of the accused. Cf. *McMillan*, supra. Some of the comments complained of as prejudicial were made out of the presence of the jury, others were the court's explanation of rulings, which is not an impermissible comment; the court did not err by stating what a party did or did not prove. *Johnson v. State*, 246 Ga. 126 (269 SE2d 18) (1980).

5. We have examined the charge of the court in light of appellant's alleged errors therein and find no error.

6. The appellant asserts that certain testimony was improperly admitted as hearsay. No objection was made on this ground in the trial court, and therefore, this court will not consider the issues on appeal. *Seabrooks v. State*, 251 Ga. 564 (308 SE2d 160) (1983).

7. The appellant contends in his last listed enumeration of error that the prosecutor was permitted to inject improper matters in his opening statement, and defense counsel's failure to object to these matters was either due to ignorance or lack of attention and should not cause a waiver of this issue on appeal.

In opening statements each party, including the prosecuting attorney, is permitted to say what the evidence is expected to show; this statement should be confined to admissible evidence. *Highfield v. State*, 246 Ga. 478 (272 SE2d 62) (1980); *Pinion v. State*, 225 Ga. 36 (165 SE2d 708) (1969). Appellant lists several statements made by the prosecutor which he contends were improper. There are some instances where the prosecutor said that a fact was going to be established by witness A, when during the trial the fact was established by witness B; the appellant has shown no harm. His contention that the prosecutor referred to inadmissible evidence must fail because we have held that the evidence of the burglary was properly admitted.

8. The remaining grounds alleged to require a reversal of the conviction are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 18, 1987.

*Phillips D. Hamilton*, for appellant.

*J. Lane Johnston*, District Attorney, *Michael J. Bowers*, Attorney General, *J. Michael Davis*, Assistant Attorney General, for appellee.