## 45149. EDWARDS v. THE STATE.
(364 SE2d 869)

WELTNER, Justice.

Bruce Mathis, an off-duty police officer acting as a security guard, was shot and killed in a department store. Charles James Edwards was found guilty of the crime of malice murder, and was sentenced to life imprisonment.[1]

Shortly before closing time, Mathis entered a storage area of the store that was restricted to all but department store employees. When Mathis approached the area, he was shot three times. The assailant escaped without detection. Edwards was arrested several months later and charged with the murder.

1. The evidence was sufficient to enable a rational trier of fact to find Edwards guilty beyond a reasonable doubt of malice murder, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. One of the underlying felonies alleged in the felony murder count of Edwards' indictment was possession of a firearm by a convicted felon. Edwards moved to sever the felony murder count from the malice murder count, contending the jury's knowledge that he was a convicted felon would deny him a fair trial. The trial court denied the motion, and Edwards claims error.

In *Appling v. State*, 256 Ga. 36, 38 (343 SE2d 684) (1986), we held that: "where, as here, the possession of a firearm charge may be the supporting felony in felony murder, it is proper to try the counts together as long as the jury is carefully charged that the prior felony conviction may not be considered by them in deciding the murder count." See also *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984). The trial court carefully instructed the jury not to consider the prior felony conviction in determining whether Edwards had committed the murder. There was no error.

3. A fingerprint expert matched a known print of Edwards with a latent print lifted from the restricted area of the store. During cross-examination, the witness was asked whether two other named identification technicians had tried unsuccessfully to match the latent print with Edwards' print prior to his arrest. The witness replied that he had no personal knowledge of any unsuccessful efforts, but he had heard of such. The named technicians did not testify.

In his closing argument, the district attorney contended that no match of prints was made until after Edwards' arrest because Ed-

---

[1] The crime was committed on April 25, 1985, and Edwards was indicted on October 1, 1985. He was found guilty on June 6, 1986, and was sentenced on the same date. His motion for new trial was filed on June 26, 1986. The trial transcript was certified by the reporter on November 19, 1986, and the motion for new trial was overruled on August 19, 1987. The notice of appeal was filed on September 18, 1987. The record on appeal was docketed in this court on October 26, 1987. The case was argued before this court on January 13, 1988.

wards' fingerprint was not taken until that time. Edwards' attorney made a motion for mistrial, claiming that the district attorney was misstating the evidence. He insisted that the evidence showed that two identification technicians had been *unable* to match the two prints prior to Edwards' arrest. The trial court overruled the motion, stating the district attorney had the right to argue the evidence "the way he saw it."

The only testimony regarding unsuccessful attempts by identification technicians to match the latent print with Edwards' known print was hearsay. " 'Since ordinary hearsay testimony is not only inadmissible but wholly without probative value, its introduction without objection does not give it any weight or force whatever in establishing a fact.' [Cit.]" *Duke v. State*, 205 Ga. 106, 110 (52 SE2d 455) (1949). Because there was no evidence that other identification technicians had attempted unsuccessfully to match prints, there was no error in the court's ruling.

4. A witness for the state testified that he had met with Edwards on the day of the murder; that Edwards had a pistol; and that the two of them discussed its sale to the witness. The witness then volunteered, without any questions being directed to him on this point, that in the past Edwards had sold him another pistol. Edwards moved for a mistrial, contending the witness' statement impermissibly placed his character in issue in violation of OCGA § 24-9-20 (b), as it constituted evidence of a criminal act (possession of a firearm by a convicted felon) not alleged in the indictment.

Because the witness was unable to recall the date on which he had purchased the pistol, any such sale by Edwards could have been prior to his conviction of a felony in 1984. Hence, this testimony did not impugn his character. Evidence is not inadmissible "simply because it might incidentally reflect on the defendant's character." *Felker v. State*, 252 Ga. 351, 365 (314 SE2d 621) (1984).

There was no error.

5. We find no error in the other grounds urged on appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 19, 1988.

*Cynthia Y. Wright,* for appellant.

*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.