## 46954. SIBERT v. THE STATE.
(380 SE2d 698)

GREGORY, Justice.

Freddie Lee Sibert was indicted for murder, felony murder, possession of a firearm by a convicted felon, and possession of a firearm

during the commission of a crime. He was convicted of felony murder, with possession of a firearm by a convicted felon as the underlying felony, and sentenced to life imprisonment. He was also convicted of possession of a firearm during the commission of a crime, and sentenced to five years imprisonment to run consecutive to the life term.[1]

Sibert argued with the victim, Ethel Lee Anderson, whom he lived with, and threatened to kill her and another man. Two witnesses, the victim's daughter and the man Sibert had threatened, saw Sibert go into his house to load his shotgun and then shoot the victim in the head. At trial, Sibert testified that the man he had threatened had grabbed him and the gun discharged.

1. We hold that a rational trier of fact could have found Sibert guilty of these crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sibert argues that the State knew at least a week before trial that the man Sibert had threatened was in confinement but did not update the witness list with his whereabouts. Sibert contends that if he had known of that man's whereabouts earlier, he would have realized the possibility of prior convictions and would have had time to obtain proper certified documentation with which to impeach him.

. Uniform Superior Court Rule 30.3 provides that upon request of defense counsel, the district attorney shall furnish to defense counsel the addresses and telephone numbers of the state's witnesses to the extent such are within the knowledge of the district attorney. In the present case, the district attorney did furnish the witness' address but did not provide the man's whereabouts when the district attorney learned that the man had been arrested and was in confinement. Rule 30.3 requires a district attorney, on request, to furnish a witness' address, but it does not require the district attorney to furnish the witness' whereabouts, which can vary from day to day. Thus, we hold that the district attorney complied with Rule 30.3. We also hold that under the circumstances of this case, the trial court did not abuse its discretion in denying Sibert's motion for continuance during the trial.

Under *Pitts v. State*, 253 Ga. 461 (321 SE2d 708) (1984), the prosecution has no obligation to seek out information for the defense, although it might be more easily accessible to the prosecution. Thus, the State in this case had no duty to search for the witness' possible felony conviction.

3. Sibert argues that the trial court erred in failing to order a separate trial on the offense of possession of a firearm by a convicted

---

[1] The victim was killed on August 17, 1986. Sibert was indicted during the September 1986 term in Chatham County. The jury returned its guilty verdict on September 14, 1987. His notice of appeal was filed on February 22, 1989. The case was docketed in this Court on April 19, 1989. The case was submitted for decision on June 2, 1989.

felon because the jury became aware of his prior conviction. Sibert waived his right to appeal this issue because he failed to object at trial. Furthermore, the trial court did not abuse its discretion in allowing the charges to be tried in one proceeding because the two offenses were based on the same conduct. *Edwards v. State*, 258 Ga. 12 (2) (364 SE2d 869) (1988).

4. The appellant's remaining enumerations of error are without merit.

*Judgment affirmed. All the Justices concur, except Hunt, J., not participating.*

DECIDED JULY 7, 1989.

*Penny J. Haas, John R. Calhoun,* for appellant.

*Spencer Lawton, Jr., District Attorney, Kimberly Rowden, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.

