## A90A1133. RESPRESS v. THE STATE.
(397 SE2d 195)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of arson in the first degree. She appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. The trial court's purported denial of appellant's right to voir

dire the panel of jurors pursuant to OCGA § 15-12-133 is enumerated as error.

The record reflects that, after the trial court had propounded the statutory questions mandated by OCGA § 15-12-164, appellant's own inquiries regarding the reasonable doubt standard and the presumption of innocence were disallowed. " '[These] questions were of a technical legal nature as they were subjects of the instruction by the court at the conclusion of the trial. They therefore were not a proper area for voir dire examination.' [Cits.]" *Baxter v. State*, 254 Ga. 538, 543 (7) (331 SE2d 561) (1985). It follows that the trial court correctly refused to allow appellant to ask these questions. Compare *Mitchell v. State*, 176 Ga. App. 32, 34 (3) (335 SE2d 150) (1985).

2. Over appellant's objection, three witnesses for the State whose names first appeared on a supplemental list of witnesses were permitted to testify at trial. Inasmuch as the trial court permitted appellant to interview these witnesses before they testified, " 'the purpose of OCGA § 17-7-110 was satisfied, and . . . the trial court properly allowed (the witness[es]) to testify. (Cits.)' [Cit.]" *Boscaino v. State*, 186 Ga. App. 133, 134 (3) (366 SE2d 789) (1988).

3. Appellant enumerates as error two instances wherein the trial court failed to sustain objection to allegedly improper remarks made by counsel for the State in her opening statement.

In the first instance, counsel for the State made a reference to a witness who would testify to what he had overheard appellant say at the scene of the crime. Although appellant objected that such testimony would be inadmissible as hearsay, the trial court correctly ruled that any incriminating statement that had been made by appellant herself and overheard by a bystander at the scene of the crime would not be subject to such an objection. Since the incriminating statement had not been made while appellant was in custody and was not the product of interrogation, the question of whether it was "voluntary" would not be a factor in its admissibility. Therefore, appellant's "contention that the prosecutor referred to inadmissible evidence must fail. . . ." *McMillan v. State*, 257 Ga. 173, 175 (7) (356 SE2d 866) (1987).

In the second instance, the trial court did in fact caution counsel for the State and appellant did not renew her objection. Accordingly, there was no error. See generally *Sneed v. State*, 172 Ga. App. 64, 65 (2) (321 SE2d 799) (1984).

4. "Appellant was not entitled to have a *Jackson v. Denno* hearing [on her motion to suppress evidence of the statement that she gave after her arrest] conducted *prior* to trial. [Cit.]" (Emphasis in original.) *Parrish v. State*, 194 Ga. App. 760, 761 (2) (391 SE2d 797) (1990).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 12, 1990.

*Robert A. Maxwell,* for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, Joseph J. Drolet, Rebecca A. Keel, Assistant District Attorneys,* for appellee.