A91A1260. STUBBS v. THE STATE.
(411 SE2d 525)

ANDREWS, Judge.

Defendant appeals his conviction of armed robbery and escape.

1. Defendant contends the evidence was insufficient on the armed robbery charge. Viewed in favor of the verdict, the evidence was that on May 19, 1990, defendant went into a gas station/convenience store around 11:00 a.m. and asked directions. He left, returning about 15 minutes later to inquire where he could have a flat tire repaired. At approximately 1:00 p.m., he returned a third time and attempted to buy a single beer. Informed that singles were not sold, he returned it to the cooler and turned to the cashier, informing her he was going to rob her. When she indicated she thought he was kidding, he produced a knife, instructed her not to make him use it, and removed money from the register. After he ran from the store, she followed and saw defendant drive away in a white pickup with pink lettering on the rear window. She got the tag number and contacted police. The police placed a lookout for the vehicle, which was spotted shortly thereafter by Sgt. Jones, who stopped defendant driving the truck. Sgt. Jones ordered him from the truck, and told him he was under arrest, covering him with her gun. As her backup arrived, defendant ran into nearby woods. A search ensued and he was captured in the woods several hours later by Officer Riley, who removed $177 in currency from him.

Sgt. Jones saw a knife on the front seat and Officer Bryant took custody of it and put it in the station's evidence lockup where it remained until turned over to the State's attorney for the trial.

Defendant admitted taking the money from the register, but claimed he was intoxicated and denied using any weapon in the robbery.

Presented with conflicting evidence regarding the weapon and defendant's state of mind, the jury, as judges of the credibility of the witnesses, concluded that the knife found was used in the robbery. In so doing, the jury was authorized to believe the State's witnesses and disbelieve defendant. *Howell v. State,* 179 Ga. App. 632, 633 (347 SE2d 358) (1986). The evidence was sufficient. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant enumerates as error the court's charge on flight. As defendant acknowledges, *Renner v. State,* 260 Ga. 515 (397 SE2d 683) (1990) making it error to charge the jury on flight, although the fact of flight is still admissible and may be argued to the jury, applies prospectively only, to cases tried after January 10, 1991. Defendant was tried in November 1990. There was no error in giving the charge.

Even assuming error, any such error here would be harmless, since defendant acknowledged taking the money, the only question being whether he was armed or not.

3. Defendant requested a charge on theft by taking, OCGA § 16-8-2, as a lesser included offense of armed robbery. The court refused to give that charge, but did charge on robbery by intimidation. Defendant admitted taking the money from the cash drawer in the presence of the cashier without her consent. The victim was unequivocal that there was a weapon and she was threatened with it. The knife was found in the truck immediately after the incident. The evidence clearly merited instructions on armed robbery, as well as the charge on robbery by intimidation, both of which require proof of fear on the part of the victim which was uncontradicted. The court was not required to go further. *Hambrick v. State,* 174 Ga. App. 444, 447 (2) (330 SE2d 383) (1985).

4. Defendant's final three enumerations all allege error in the admission of evidence and will be addressed together.

(a) Exhibits 6 and 7 were the *Miranda* waiver of rights form and a handwritten statement prepared by defendant during his interview after arrest. The court conducted a pretrial hearing as required by *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). These exhibits were offered for the record only and did not go to the jury. Defendant never voiced objection to Exhibit 7. During the *Jackson* hearing, counsel for defendant did object to a portion of Exhibit 6 and the objection was sustained. At trial when Exhibit 6 was tendered, no further objection to it was voiced and none will be heard from defendant here. *Riley v. State,* 196 Ga. App. 148, 149 (1) (395 SE2d 394) (1990).

(b) Defendant objected to the knife's admission, contending there

was a break in the chain of custody. The item was not fungible but a distinct physical object and no custodial proof was required for admission of it. *Hanvey v. State*, 186 Ga. App. 690, 693 (6) (368 SE2d 357) (1988). Even when a chain of custody is required, any confusion about the objects and the chain goes only to the weight of the evidence, not its admissibility. *Phillips v. State*, 167 Ga. App. 260, 263 (2) (305 SE2d 918) (1983).

(c) Finally, defendant contended that a photograph of the money seized from defendant was improperly admitted because the person who actually took the photo could not be identified, although the picture was properly authenticated. There is no such requirement for the admission of a photograph and it was properly authenticated and admitted. *Isaacs v. State*, 259 Ga. 717, 732 (26) (386 SE2d 316) (1989).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 1, 1991 —
RECONSIDERATION DENIED OCTOBER 17, 1991.

*William A. Fears*, for appellant.

*Tommy K. Floyd, District Attorney, Gregory A. Futch, Thomas R. McBerry, Assistant District Attorneys*, for appellee.