## S93A1235. MASSEY v. THE STATE.
(434 SE2d 467)

CLARKE, Chief Justice.

Kelly Massey was convicted of the felony murder of David White

and sentenced to life imprisonment.[1] At the defendant's trial Jerome Bryant testified that he had seen the defendant and victim dealing drugs the day before the victim's death. He observed the victim and defendant arguing over, what he believed to be, a drug transaction which had gone badly. The defendant threw some money on the ground and drew a knife. Bryant testified that he saw the victim back away from the defendant, but saw nothing further.

In the early morning hours of the following day, the defendant's cousin, Ernest Massey, encountered the victim at the Glynn Villa Apartments. As they were talking, the defendant approached and spoke to the victim, then drew a knife and stabbed the victim twice in the chest. The victim ran to his car where he died.

Police officers investigating the scene found a knife under a bush several hundred feet from the victim's car. Neither blood nor fingerprints were found on the knife. Both Ernest Massey and Jerome Bryant identified this weapon as the defendant's knife.

The defendant denied that he and the victim had been dealing drugs hours before the victim's death. Rather, the defendant testified that he encountered Ernest Massey and the victim at the Glynn Villa Apartments, selling drugs. According to the defendant, when he refused the victim's offer to sell drugs for the victim, the victim pushed him down. As they struggled, the defendant saw something "glittering" in the victim's hand. He testified that the victim jumped off him and ran away.

1. We hold that a rational trier of fact could have found the defendant guilty of the crime of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in failing to direct a verdict of acquittal on this charge.

2. During his opening statement, the district attorney said that he expected the evidence to show that the defendant "on January 25, 1992, was dealing drugs in Glynn Villa in Glynn County." The defendant moved for a mistrial on the ground that there was no evidence to prove this statement. The trial court denied the motion.

The evidence offered by the state was the defendant was dealing

---

[1] The crime occurred in the early hours of January 25, 1992. The defendant was indicted February 5, 1992, and initially tried in September 1992. This trial resulted in a mistrial, and a second trial was held October 13-15, 1992. The jury returned its verdict on October 15, 1992, acquitting the defendant of the charge of malice murder, and convicting him of felony murder and aggravated assault. That same day the trial court sentenced the defendant. Subsequently, the trial court merged the defendant's conviction for aggravated assault with the conviction for felony murder, and granted the defendant's motion for directed verdict of acquittal on the charge of voluntary manslaughter. The defendant filed a motion for new trial on November 12, 1992, which he amended on March 25, 1993. The trial court denied the motion on March 25, 1993. The case was docketed in this court on May 7, 1993, and submitted to us on briefs on June 18, 1993.

drugs on January 24, 1992 at a place in Glynn County other than Glynn Villa.

In opening statement the prosecutor is permitted to state what the evidence is expected to show, *McMillan v. State*, 257 Ga. 173 (7) (356 SE2d 866) (1987), and the trial court has broad discretion to control the content of the opening statements of both parties. *Sims v. State*, 251 Ga. 877 (3) (311 SE2d 161) (1984). In this case, the district attorney offered evidence to prove the substance of his statement: that at a time shortly before the victim's death the defendant was dealing drugs. Because the defendant has failed to show how he was harmed by the variances in the prosecutor's statement, we find no reversible error. *McMillan*, supra at 175.

3. The defendant next argues that the trial court erred in allowing Jerome Bryant to testify because the address of this witness, which the state provided to the defendant, was merely a mailing address and not the address at which the witness resided. See Uniform Superior Court Rule 30.3.

The record shows that Bryant twice testified that he lived at the address provided the defense, and that this was the only address of this witness known to the state. While there is some evidence to show that the witness had, at the time defense counsel attempted to interview him, lived in Hinesville, Georgia, the state had no address for Bryant at this location.

Uniform Superior Court Rule 30.3 provides that the district attorney shall, upon request, provide to defense counsel the addresses and telephone numbers of the state's witnesses. However, this rule "does not require the district attorney to furnish the witness' whereabouts, which can vary from day to day." *Sibert v. State*, 259 Ga. 323 (2) (380 SE2d 698) (1989). We hold that, in this case, the district attorney complied with Rule 30.3, and the trial court did not err in refusing to exclude Bryant's testimony.

4. We have examined the remaining errors alleged by the defendant, and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1993.

*James A Yancey, Jr.,* for appellant.

*Glenn Thomas, Jr., District Attorney, Kevin R. Gough, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney,* for appellee.