## A93A2449. WILSON v. THE STATE.

(440 SE2d 534)

BIRDSONG, Presiding Judge.

Jason Eric Wilson appeals his conviction of theft by receiving a stolen automobile, in violation of OCGA § 16-8-7. He contends the trial court erred by denying his motions for a directed verdict of acquittal and his motion for a new trial; that the trial court erred by granting the State's motion for immunity for a witness, and that the trial court erred by allowing the State to attack Wilson's character. *Held*:

1. Appellant's first three enumerations of error maintain that because the State failed to prove that he knew or should have known the automobile was stolen, the evidence was insufficient to allow the case to go to the jury or to sustain his conviction. Construing the evidence in favor of the verdict as we must (*Grant v. State*, 195 Ga. App. 463 (393 SE2d 737)), we find the evidence establishes that two men stole a 1967 Volkswagen that was in very good, almost factory condition, and that after one of them kept the car for seven months, he transferred the automobile to Wilson with a bill of sale stating Wilson paid $100 for the car. Wilson in fact paid nothing. Later after attempting to sell the car for $500, Wilson sold the car for $350. Subsequently, that purchaser sold the car to another person for $500. The evidence also shows that Wilson told the investigating police officer that he thought something was wrong because he was given the car. Moreover, the evidence further shows that Wilson did not register the car in his name while it was in his possession or purchase new license tags. The jury found Wilson guilty and recited on their verdict that "the defendant may not have known, but he should have known, that the car was stolen."

A conviction for violation of OCGA § 16-8-7 may be sustained if the evidence shows that the defendant received, disposed of, or retained stolen property which he knew or should have known was

stolen, and the offense may be proven by circumstantial evidence. *Pruiett v. State*, 159 Ga. App. 396, 397 (283 SE2d 625).

Under our law, motions for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law (OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311)); on appeal a reviewing court may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). If a verdict is based upon circumstantial evidence, and the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. *Pattillo v. State*, 250 Ga. 510, 512 (299 SE2d 710); *Jones v. State*, 165 Ga. App. 36, 38 (299 SE2d 576). As we find that the evidence discussed above did not demand a directed verdict of acquittal, the trial court did not err by denying Wilson's motion.

Wilson's contention that the trial judge erred by denying his motion for a new trial under OCGA § 5-5-21 is also without merit. Our law vests in the trial judge alone the discretion to grant a new trial because the verdict might be decidedly and strongly against the weight of the evidence, and this court has no such power. *Dixon v. State*, 192 Ga. App. 845, 846 (386 SE2d 719). Based upon the evidence discussed above, we do not find that the trial court abused its discretion. Therefore, the trial court did not err by denying Wilson's motion for a new trial.

Further, on appeal, the presumption of innocence no longer avails and we view the evidence in a light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849). Doing so, we conclude that the jury rationally could have found from the evidence, including the circumstantial evidence, that every reasonable hypothesis was excluded except that Wilson knew or should have known that the automobile in question was stolen, and the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Wilson was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Wilson also contends that the trial court erred by allowing a prosecution witness to testify under a grant of immunity apparently because Wilson was not given notice of the hearing in another proceeding on the grant of immunity and then was not allowed to participate in the decision on whether immunity should have been granted. Although it is not clear from the record when Wilson received notice

that the State had moved for the grant of immunity, it is apparent that he was aware of the proceedings prior to the trial. Therefore, Wilson's defense was not prejudiced by any delay in the notice given. Moreover, Wilson does not contend that there was any violation of OCGA § 24-9-28. Accordingly, we find no error.

3. Wilson's final enumeration of error contends that the trial court erred by allowing the State to attack his character by attacking the character of a State's witness. We find no merit to this argument. The State's witness was asked whether Wilson knew the witness had been convicted of theft before Wilson accepted the automobile. This question in no way implicates Wilson's character, but the information sought is relevant to Wilson's knowledge of whether the car was stolen. See *Prather v. State*, 116 Ga. App. 696 (158 SE2d 291). Accordingly, this evidence was not inadmissible even though it might arguably place Wilson's character in issue to the extent someone might infer that his relationship with a convicted thief reflected adversely upon him. See *Drake v. State*, 245 Ga. 798, 802 (267 SE2d 237).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 1, 1994.

*Kevin J. Street*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.