## S03A0394. WILSON v. THE STATE.
### (581 SE2d 534)

HUNSTEIN, Justice.

Ricky Lewis Wilson was sentenced to life imprisonment for felony murder arising out of the attempted armed robbery and shooting death of Norris Lee. Wilson's motion for a new trial was denied[1] and he appeals, contending that comments made by the prosecutor during opening statement constituted reversible error. Because the prosecutor in her statement did not improperly vouch for the credibility of any witness, we affirm.

1. The jury was authorized to find that Wilson, who was an

---

[1] The crimes occurred on April 19, 1995. Wilson was indicted on July 6, 1995 in Cobb County on charges of malice murder and two counts of felony murder (predicated upon aggravated assault and attempted armed robbery). The jury acquitted him of malice murder and found him guilty of the two felony murder charges on July 24, 1997. Wilson was sentenced to life imprisonment the same day. His motion for new trial, filed August 13, 1997 and amended August 9, 2002, was denied August 14, 2002. A notice of appeal was filed September 13, 2002. The appeal was docketed November 19, 2002 and was submitted for decision on the briefs.

employee at a car rental business that was managed by the victim, joined co-defendant Ronald Rouse in conceiving and planning an armed robbery of the business.[2] On the day of the robbery, Wilson met with Rouse and discussed how much cash would be at the business. After receiving a call from Rouse while at work, Wilson unlocked the back door and waved Torrance Washington inside in order to perform the robbery. Washington, who was carrying a .38 caliber revolver, shot the victim in the chest and leg after the victim attempted to defend himself. The victim died the following morning.

Having reviewed the record in the light most favorable to the verdict, we find the evidence was sufficient to enable a rational trier of fact to find Wilson guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, Wilson contends the prosecutor improperly vouched for witness Alison Ward during the State's opening statement to the jury. Wilson points to three comments made by the prosecutor. In the first instance, the prosecutor informed the jury that, as part of the "preview of what we expect the evidence is going to show," the jury would hear testimony by Ward, Rouse's former girlfriend, who provided information to the police that "further corroborates statements made by other witnesses and is totally consistent with what everyone else says happened." After the trial court overruled Wilson's objection that this statement constituted improper vouching, the prosecutor proceeded with the second challenged statement:

> I expect the evidence is going to show that the major parts of what the additional information that Alison [Ward] came forward with do corroborate certain significant parts of other people's testimony, such that she is being — we believe the evidence will show that she's being truthful about these statements.

In the final instance, the prosecutor stated that "[w]e checked out [Ward's] story. It checked out in most aspects."[3]

---

[2] This Court affirmed Rouse's murder conviction in *Rouse v. State*, 275 Ga. 605 (571 SE2d 353) (2002).

[3] We note that in response to defense counsel's objections, the trial court stated in front of the jury that while the prosecutor "has a right in opening statement to state what she expects the evidence will show[, i]t is, however, correct that none of these lawyers can vouch for any witness. They may not do that. If they attempt to do that, it is improper and should be disregarded." The trial court later reminded the jury that "what the lawyers say is not evidence. Nothing from their mouth [sic] has the ability to prove or disprove any aspect of the case. That applies to the prosecutor. It applies to the defense attorneys. It applies to me. So what is said in opening statement is oratory and an opportunity to present to you what

We find no improper bolstering of Ward's testimony by the comments made by the prosecutor in her opening statement. It is well established that a prosecutor may set forth in her opening statement what she expects the evidence adduced by the State will show. *Massey v. State*, 263 Ga. 379 (2) (434 SE2d 467) (1993). This Court has previously addressed the objection made by Wilson's co-defendant regarding the second challenged statement set forth above and held that "[a]lthough it is impermissible for a prosecutor to tell the jury that she personally believes in the veracity of a witness, it is not improper for counsel to urge the jury to draw such a conclusion from the evidence." (Punctuation and footnote omitted.) *Rouse v. State*, 275 Ga. 605, 607 (6) (571 SE2d 353) (2002). Likewise, we find no error in a prosecutor stating during opening that the State expected the evidence to show that a witness's statement to police was consistent with information the police received from other witnesses and from their investigation into the crime. Because the prosecutor's remarks did not convey her personal view of Ward's credibility to the jury but instead explained what she expected the evidence would show, the prosecutor's remarks were well within the proper bounds of opening statement. Accordingly, the trial court did not abuse its discretion in allowing these comments by the prosecutor. See generally *McGee v. State*, 272 Ga. 363 (3) (529 SE2d 366) (2000) (trial court has broad discretion to control content of opening statements).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 2003.

*Daniel L. Henderson*, for appellant.

*Patrick H. Head, District Attorney, Irvan A. Pearlberg, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

they anticipate the evidence will show. Whether, in fact, the evidence shows the things said or not is a fact question for you to resolve."