## A09A0124. BELL v. THE STATE.
(670 SE2d 476)

BLACKBURN, Presiding Judge.

Following a jury trial, Willie James Bell appeals his conviction of aggravated child molestation, challenging the sufficiency of the evidence and arguing that the trial court erred in overruling several evidentiary objections and in denying his motion for mistrial. We hold that the testimony of the victim, of a separate eyewitness, and of a nurse who conducted a medical examination on the victim sustained the conviction (justifying the trial court's denial of Bell's motion for a directed verdict), and that the court did not abuse its discretion in overruling the evidentiary objections or in denying Bell's motion for mistrial. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[2] This standard applies also to our review of the denial of a motion for directed verdict. *Hash v. State*.[3]

So viewed, the evidence shows that in August 2006, a 13-year-old girl was visiting Bell and his girlfriend, who were adults who worked with the young girl's father. While the girlfriend was at work, the young girl was watching television when Bell came into the room, pushed her down on the couch, removed her pants and underwear, forced her legs open, and had vaginal intercourse with her over her screams of pain. Arriving home unexpectedly from work, the girlfriend walked into the room to see Bell and the girl on the couch, with Bell leaning his body between the girl's naked thighs. The girlfriend said something and left the room, causing Bell to jump up. Bleeding from the vagina, the young girl returned home and eventually told others, resulting in her being taken to a hospital, where the examining nurse found three tears or transections on the girl's

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

hymen and vaginal area, evincing penetration.

Charged with aggravated child molestation, Bell denied any sexual contact with the girl. The court denied his motions for a directed verdict and for mistrial. A jury found him guilty, and the court denied his motion for new trial, giving rise to this appeal.

OCGA § 16-6-4 (a) defines child molestation as doing any immoral or indecent act to or with any child under the age of 16 years with the intent to satisfy the sexual desires of either the child or the person. OCGA § 16-6-4 (c) defines aggravated child molestation as committing an act of child molestation that physically injures the child. Here, the girl testified to her age of 13 at the time of the incident, to Bell's forcible act of intercourse upon her, and to her pain and bleeding from the act; the girlfriend testified that she saw Bell leaning between the girl's naked legs on the couch; and the nurse testified to the injuries to the girl's hymen and vaginal area resulting from penetration. Two other witnesses recounted the girl's telling them (before she reached the age of 14) of the forced act of intercourse. See OCGA § 24-3-16. This evidence more than sufficed to sustain Bell's conviction of aggravated child molestation.

2. Bell contends that the court erred in overruling his objection to the prosecutor's proclamation during the State's opening statement that the evidence would show that the nurse found "essentially lacerations on her vagina . . . basically a marking on her vagina and the only way that those markings can get on a vagina is if there's some type of penetration." Bell urges that the prosecutor was improperly injecting his personal opinion into his opening statement. We disagree.

"In opening statement[,] the prosecutor is permitted to state what the evidence is expected to show, and the trial court has broad discretion to control the content of the opening statements of both parties." (Citation omitted.) *Massey v. State*.[4] See *Wilson v. State*[5] ("[i]t is well established that a prosecutor may set forth in her opening statement what she expects the evidence adduced by the State will show"). Here, the prosecutor did not purport to give a personal opinion but rather accurately described what in fact the nurse testified to when she took the stand. We discern no abuse of discretion in the court's overruling Bell's objection.

3. Bell complains that the court overruled his objection to the leading questions the prosecutor used during the direct examination of the young victim, who was 14 years of age at the time of trial. During that examination, the young girl was often nonresponsive,

---

[4] *Massey v. State*, 263 Ga. 379, 381 (2) (434 SE2d 467) (1993).
[5] *Wilson v. State*, 276 Ga. 674, 676 (2) (581 SE2d 534) (2003).

spoke very softly, and exhibited signs of timidity and fear. Her demeanor even caused defense counsel to admit that leading questions may be the only way to get her to answer questions.

OCGA § 24-9-63 expressly authorizes a court to allow leading questions "when, from the conduct of the witness or other reason, justice shall require it." Based on this statute, "[t]he courts have traditionally accorded a great deal of latitude in the examination of young or timid or otherwise disadvantaged witnesses." (Punctuation omitted.) *Roberts v. State*.[6] Accordingly, *Roberts* found no abuse of a trial court's discretion in allowing a prosecutor to ask leading questions of the 14-year-old victim. Id. See *Cherry v. State*[7] (no abuse of discretion to permit leading questions of a 14-year-old reticent victim). Similarly, we discern no abuse here. See *Lopez v. State*.[8]

4. Bell claims that the trial court erred in overruling his "bolstering" objection to testimony from the nurse as to the young girl's statements (that Bell forced intercourse upon her) to the nurse during the medical examination. Notably, the nurse did not opine as to the young girl's truthfulness. Because the young girl was 13 at the time she made the statements, her statements were admissible under the Child Hearsay Statute (OCGA § 24-3-16). See *Geiger v. State*.[9] See also *Slade v. State*[10] (look to age of child at time statements are made). "[T]his Court has held that the Child Hearsay Statute actually contemplates testimony from both the child and those witnessing the child's later reaction, even if the hearsay may be 'bolstering.' Any 'bolstering' can be explored by defendant in cross-examination." (Punctuation omitted.) *Howard v. State*.[11] Moreover, "[i]nquiry as to impermissible bolstering no longer is necessary following *Cuzzort* [*v. State*[12]]." (Punctuation omitted.) *Richardson v. State*.[13] See *Treadaway v. State*.[14] We discern no error.

5. Bell contends that the trial court erred in denying his motion for mistrial when the State introduced four past alleged felony convictions of Bell for impeachment purposes during its cross-examination of Bell. When the court discovered that three of the alleged convictions were missing vital information or were not convictions at all, the court reversed its ruling as to the admissibility

[6] *Roberts v. State*, 232 Ga. App. 745, 747 (4) (503 SE2d 614) (1998).

[7] *Cherry v. State*, 199 Ga. App. 879, 879-880 (1) (406 SE2d 531) (1991).

[8] *Lopez v. State*, 291 Ga. App. 210, 214 (4) (661 SE2d 618) (2008).

[9] *Geiger v. State*, 258 Ga. App. 57, 64 (3) (h) (573 SE2d 85) (2002).

[10] *Slade v. State*, 287 Ga. App. 34, 35 (1) (651 SE2d 352) (2007).

[11] *Howard v. State*, 252 Ga. App. 465, 469 (2) (556 SE2d 536) (2001).

[12] *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).

[13] *Richardson v. State*, 256 Ga. 746, 747-748 (5) (353 SE2d 342) (1987).

[14] *Treadaway v. State*, 191 Ga. App. 111, 112 (2) (381 SE2d 43) (1988).

of those three, whereupon Bell again moved for a mistrial. The court denied the second motion for mistrial and instead gave a curative instruction to the jury to "disregard entirely" all evidence with regard to prior alleged offenses of Bell, with the exception that they could consider the one valid conviction for credibility purposes only. When the court asked Bell's counsel if there was anything further, counsel replied in the negative, and the State continued its cross-examination of Bell. Following closing arguments and the court's charge to the jury, Bell renewed his motion for mistrial, which the court again denied.

After a trial court has issued a curative instruction, failure by the defendant to timely renew his motion for mistrial waives any error in the denial of that motion. *Maddox v. State.*[15] The renewal must occur immediately; it is not timely if it comes at the close of all the evidence (*Kent v. Hunt & Assoc.*[16]), at the close of the State's evidence (*Maddox,* supra, 227 Ga. App. at 604 (2)), or following the completion of the witness's testimony and that of a subsequent witness (*Dally v. State*[17]). See *Seritt v. State.*[18] Here, immediately following the curative instruction, the court even asked Bell's counsel if there was anything further, to which counsel responded there was not. See *Cummings v. State*[19] (acquiescing in court's curative instructions waives any complaint of same on appeal); *Rosenthal v. Hudson*[20] (acquiescence in court's ruling found where "after the trial court gave curative instructions, appellant's counsel thanked the court and did not pursue the issue"). Combining this acquiescence with counsel's failure to renew the mistrial motion until after the court's charge to the jury, we hold that Bell has waived the matter.

Moreover, even if the matter were not waived, "we conclude the trial court's curative instructions were adequate to remove the inappropriate reference to extrinsic acts from the jury's consideration, thus preserving defendant['s] right to a fair trial." *Seritt,* supra, 237 Ga. App. at 666 (1) (a). See *McCoy v. State*[21] ("[t]he granting of a motion for a mistrial is within the discretion of the trial court, and the trial court's ruling will not be disturbed when the trial court has taken remedial measures sufficient to ensure a fair trial") (punctuation omitted).

---

[15] *Maddox v. State,* 227 Ga. App. 602, 604 (2) (490 SE2d 174) (1997).
[16] *Kent v. Hunt & Assoc.,* 165 Ga. App. 169, 171-172 (8) (299 SE2d 123) (1983).
[17] *Dally v. State,* 237 Ga. App. 577, 579 (3) (516 SE2d 87) (1999).
[18] *Seritt v. State,* 237 Ga. App. 665, 666 (1) (a) (516 SE2d 366) (1999).
[19] *Cummings v. State,* 266 Ga. App. 799, 806 (4) (598 SE2d 116) (2004).
[20] *Rosenthal v. Hudson,* 183 Ga. App. 712, 712-713 (2) (360 SE2d 15) (1987).
[21] *McCoy v. State,* 273 Ga. 568, 572 (9) (544 SE2d 709) (2001).

6. Bell argues that the use of his one valid prior conviction for purposes of impeachment was improper, and that the court erred in admitting that conviction over his objection. Specifically, Bell contends that this conviction, which was a 1986 "habitual violator" conviction under OCGA § 40-5-58, was too old, that he was not notified in advance that the conviction would be used as impeachment, and that the court failed to find that the probative value of the conviction outweighed its prejudicial value.

Regarding Bell's contentions that the conviction was too old and that he did not receive advance notification, we note that when objecting to the introduction of this conviction at trial, counsel raised neither of these grounds. "[A]n objection on a specific ground or grounds at trial waives any objection to that evidence on other grounds on appeal. Accordingly, all other grounds for objection are not preserved for appeal." (Punctuation omitted.) *Vincent v. State.*[22]

Regarding the court's weighing the probative value against the prejudicial value of the conviction, the record reflects that the court considered that very issue and specifically found that the probative value outweighed the prejudicial effect. See OCGA § 24-9-84.1. We discern no abuse of discretion here. See *Tate v. State.*[23] See generally *Quiroz v. State.*[24]

*Judgment affirmed. Ruffin and Adams, JJ., concur.*

DECIDED NOVEMBER 21, 2008.

*David E. Morgan III*, for appellant.
*Denise D. Fachini, District Attorney, Deshala D. Bray, Assistant District Attorney*, for appellee.

---

[22] *Vincent v. State*, 276 Ga. App. 415, 416 (1) (623 SE2d 255) (2005).
[23] *Tate v. State*, 289 Ga. App. 479, 481 (657 SE2d 531) (2008).
[24] *Quiroz v. State*, 291 Ga. App. 423, 428-429 (4) (662 SE2d 235) (2008).