## 73647. YARBOROUGH v. THE STATE.
### (358 SE2d 484)

BEASLEY, Judge.

Defendant, charged in a two-count indictment with murder and voluntary manslaughter, was convicted of voluntary manslaughter (OCGA § 16-5-2), for the shooting death of her husband.

1. The first error claimed is the denial of a new trial sought on the general grounds. The question is whether a new trial was demanded by law because of insufficience to sustain a conviction. In so considering, we view all of the evidence in the light most favorable to the verdict. *Thomas v. State*, 173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985). We also have the added persuasiveness of the "thirteenth juror's" by way of the trial court's discretion based denial of the motion for new trial. *Barnes v. State*, 175 Ga. App. 621, 623 (1) (334 SE2d 205); rev'd in part on other grounds 255 Ga. 396 (339 SE2d 229) (1986).

Defendant admitted to two neighbors and to the police when they arrived that she had shot her husband with a handgun. The issue was whether she shot him with criminal intent or whether it was in self-defense.

Defendant had repeatedly threatened to kill her husband if she ever caught him with another woman. On the evening of the shooting, defendant had seen the truck driven by her husband parked at a woman's apartment. This woman denied he was there, although he was. Defendant then found a young man who helped her move the truck back to their neighborhood, where she parked it at a neighbor's house.

When her husband had not returned home by 3:00 a.m., defendant left the house and went to a phone where she called his foster mother. When she returned home, defendant said she found her husband sitting on the couch with a shotgun across his lap demanding to know where the truck was. She then went into the kitchen. She said he followed her, she heard the shotgun "click," she grabbed the gun, pointed it over her shoulder and it just went off. She used her left hand, although she is right-handed. The victim was struck in the area of the left cheek and lower temple.

Defendant argues that since her hypothesis of self-defense is as reasonable as the theory put forth by the state, there is insufficient evidence to uphold the verdict as a matter of law. OCGA § 24-4-6. Although the court charged on OCGA § 24-4-6, it was not required to do so, as this case was not entirely circumstantial. *Jones v. State*, 243 Ga. 584 (255 SE2d 702) (1979); *Griffith v. State*, 172 Ga. App. 255, 259 (2) (322 SE2d 921) (1984); *Galloway v. State*, 165 Ga. App. 536 (1) (301 SE2d 894) (1983). Defendant admitted the shooting, although she contended self-defense, and this alone takes the case out of the "entirely circumstantial" category. *Stewart v. State*, 163 Ga. App. 735, 737 (1) (295 SE2d 112) (1982). The only question thus becomes whether there was sufficient evidence pursuant to *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence was sufficient to enable the jury to conclude that defendant acted solely as a result of sudden, violent and irresistible passion resulting from serious provocation, so as to authorize the manslaughter conviction. It did not demand a verdict that she acted in self-defense. *Jackson v. Virginia*, supra; *Hatcher v. State*, 175 Ga. App. 768 (334 SE2d 709) (1985).

2. Defendant was charged in a two-count indictment for murder and voluntary manslaughter. In her enumerations # 2, 3, & 4, defendant complains that the court did not require the return of a written verdict as to both counts, and that the court incorrectly advised the jury of the total number of possible verdicts available to them, contending there were eight instead of six. The record reflects that the court charged the jury that, although the defendant was indicted in two counts, she could be found guilty of only one charge, which is correct and with which defendant agrees. OCGA §§ 16-1-6; 16-1-7. The court also charged the jury on voluntary manslaughter and both

types of involuntary manslaughter; carefully instructing them that they should consider the charges seriatim and that they could find her guilty of only one of the described crimes or not guilty of all. With this, defendant does not quarrel. Her complaint is that the court, while sending out several forms of verdict for the jury's consideration[1] did not require that a written "not guilty" of murder be returned. Since, however, the return of a verdict of guilty of voluntary manslaughter in these circumstances is an acquittal of the charge of murder, we see no merit to defendant's contention in this regard. *Cook v. State*, 56 Ga. App. 375 (2) (192 SE 631) (1937); *Goldsmith v. State*, 54 Ga. App. 268, 272 (187 SE 694) (1936). The six possible verdicts, as instructed, necessarily included the two others because they were mutually exclusive. The court was not required to complicate the choice of verdicts by redundancy.

Defendant also contends that the court erred in instructing that the verdict could be any one of four possible verdicts, contending that there could have been any one of six. It is apparent from the charge complained of that what the judge was indicating was that there were four possible crimes which were to be considered, i.e., (1) murder, (2) voluntary manslaughter, (3) involuntary manslaughter (by unlawful act), and (4) involuntary manslaughter (by lawful act done in unlawful manner). The actual return of the verdict was not transcribed. Since the verdict form in the record is fully typed and nothing contrary appears in the record, we must assume that all were similar and that the jury was provided with eight forms encompassing all of the possible verdicts upon which they were instructed. See *Sanders v. State*, 179 Ga. App. 168, 169 (345 SE2d 677) (1986); *Baugh v. Robinson*, 179 Ga. App. 571, 572 (346 SE2d 918) (1986).

3. In the last enumeration, defendant complains of the trial court's refusal to allow her counsel to use and display during his opening statement the shotgun shell found under her husband's body. The prosecutor objected on the ground that the evidence was not yet admitted and might be objectionable. "[T]he trial court has a sound discretion to control the content of the opening statement of either party, particularly with regard to matters of questionable admissibility. [Cits.]" *Sims v. State*, 251 Ga. 877, 879 (3) (311 SE2d 161) (1984). The court ruled that defendant could not use the shell but could use the shotgun, although we are unable to tell if she did so, since the opening statements were not transcribed. Under these circumstances, there was no abuse of discretion. *Osborne v. State*, 177 Ga. App. 408 (339 SE2d 627) (1985); *Mathis v. State*, 171 Ga. App. 620, 621 (2)

---

[1] The number sent is not apparent from the record, as the court refers both to 4 and 5 forms, and the only one included in the record is the one of guilty to count 2 actually returned by the jury.

(320 SE2d 861) (1984).
*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 4, 1987.

*Donald E. Manning, John W. Davis,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.