## S00A0524. McGEE v. THE STATE.
(529 SE2d 366)

CARLEY, Justice.

A jury found Randy Murdock McGee guilty of the malice murder of his wife, and the trial court entered a judgment of conviction and sentenced McGee to life imprisonment. The trial court denied McGee's motion for new trial, and he appeals.[1]

1. The evidence shows that McGee and his daughter went to the home of Gail Neal, where he asked to talk to the victim. After Mrs. Neal refused to let him in, she walked away, and the victim walked up to the door. McGee then shot the victim several times, killing her. Both Mrs. Neal and a neighbor witnessed the shooting. Police recovered six bullets, one of which was too mangled for testing, but the other five of which came from McGee's pistol. McGee testified that, while he was talking with the victim, Mrs. Neal shot at him, and he fired three shots to protect himself and his daughter. However, "the jury was free to either accept or reject his testimony." *Knight v. State,* 271 Ga. 557, 559 (1) (521 SE2d 819) (1999). Mrs. Neal testified that she did not own or possess a gun, and police did not find any gun other than McGee's. One of the victim's wounds indicated that the pistol was in contact with the victim's side. After the shooting, McGee apologized to his daughter and confessed to his brother. A rational trier of fact could have found McGee guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Knight v. State,* supra at 558 (1).

2. McGee urges that the trial court erroneously denied his motion for mistrial on the ground that the State violated *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) by failing to provide the defense with notes taken by an investigator during pretrial interviews with State witnesses. Although McGee's daughter testified that an investigator took notes when she met with the dis-

---

[1] The crime occurred on January 19, 1998. The grand jury returned its indictment on April 20, 1998. The jury found McGee guilty on January 26, 1999 and, on the same day, the trial court entered the judgment of conviction and sentence. McGee filed his motion for new trial on February 15, 1999 and amended it on June 29, 1999. The trial court denied that motion on November 8, 1999, and McGee filed his notice of appeal on November 23, 1999. The case was docketed in this Court on December 13, 1999 and orally argued on March 13, 2000.

trict attorney, other witnesses were not sure, and the investigator testified that he took no notes. The trial court was authorized to weigh this conflicting testimony and to conclude that McGee failed to prove that he was deprived of any exculpatory material. Therefore, we find that the trial court did not abuse its discretion by denying the motion for mistrial. See *Baty v. State*, 257 Ga. 371, 373 (3) (359 SE2d 655) (1987). Moreover, even if there were notes which were not provided to McGee, there was no constitutional error. *Brady* does not require that agents of the State retain rough notes made in the course of their investigation, and the investigator here was available for cross-examination. *Callahan v. State*, 179 Ga. App. 556, 562 (3) (347 SE2d 269) (1986).

3. McGee contends that the trial court erred in overruling his objection to the display of an exhibit to the jury during the State's opening statement. Neither McGee nor the record indicates which exhibit was shown or whether it was ever properly admitted into evidence. However, the district attorney has identified the exhibit as a drawing of the floor plan of the Neal residence wherein the victim was killed, showing its entrances and the location of the victim's body. The use of such a visual aid is a permissible part of the opening statement, as its purpose is to assist the jury to understand and to remember the evidence. *Highfield v. State*, 246 Ga. 478, 482 (3) (272 SE2d 62) (1980). See also *Teems v. State*, 256 Ga. 675, 676 (3) (352 SE2d 779) (1987). The trial court properly instructed the jurors that what the attorneys said to them was not to be considered as evidence. See *Highfield v. State*, supra at 482 (3). Furthermore, we cannot determine how the exhibit was used, because the substance of the opening statements was not transcribed. *Yarborough v. State*, 183 Ga. App. 198, 200 (3) (358 SE2d 484) (1987). " '(T)he trial court has a sound discretion to control the content of the opening statement of either party, particularly with regard to matters of questionable admissibility. (Cits.)' [Cit.]" *Yarborough v. State*, supra at 200 (3). After consideration of all of the circumstances, we find no abuse of discretion. See *Yarborough v. State*, supra at 200 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 1, 2000.

*Lee Sexton*, for appellant.

*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.