S02A0841. SHADRON v. THE STATE.
(573 SE2d 73)

BENHAM, Justice.

This is an appeal from Gary Layton Shadron's conviction for felony murder.[1] In August 1998, Shadron was living with Mindy Hunt

---

[1] The victim died on September 1, 1998, and Shadron was indicted in Glynn County on November 4, 1998, for malice murder, felony murder (cruelty to children in the first degree),

and her six-month-old son Kendall. Because of previous incidents in which Shadron bruised Kendall by hitting his stomach, held his hand over the child's mouth and nose for crying, threw Kendall at Mindy, allowed Kendall's face to go under water in his bath, and burned him with a cigarette, the family was under the supervision of the Department of Family & Children Services, and Shadron had been prohibited by court order from unsupervised contact with Kendall. Nonetheless, in the early morning hours of September 1, 1998, Shadron woke Mindy and told her Kendall was hurt. She found the child lying on the changing table, cold and unresponsive. When a friend who lived in the same house called 911, Shadron left and told Mindy to tell the police he had not gotten home from work. Transported to the hospital by emergency personnel, Kendall was pronounced dead. When he went to the hospital that morning, Shadron told the police that he had awakened to use the bathroom and heard Kendall crying; that he washed Kendall in the sink because his diaper was wet, but left the wet diaper on; that Kendall was crying, coughing, and dry-heaving after being washed; that he left the child on the changing table while he went to get his cigarettes; and that he returned to find the child not breathing and without a pulse. An autopsy established that Kendall drowned. On his back was a pressure mark that matched the drain of the sink where Shadron claimed he had washed the child. Expert testimony established that the mark on the child's back could not have resulted from the weight of the child's body, but required that the child be held down on the drain.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Shadron guilty of felony murder (cruelty to children) beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Shadron's first four enumerations concern the absence from the trial court's jury charge of an instruction that the State had the burden of disproving beyond a reasonable doubt Shadron's affirmative defense of accident. Trial counsel, who does not represent Shadron on appeal, requested a charge on the defense of accident, but did not request that the jury be charged that the State bore the burden of disproving the defense beyond a reasonable doubt.

In two enumerations of error, Shadron argues that because acci-

---

cruelty to children in the first degree (two counts), and involuntary manslaughter (two counts). The trial was moved to Jeff Davis County, where Shadron was convicted on February 18, 2000, of felony murder and cruelty to children and acquitted on the other counts. The trial court sentenced Shadron to life imprisonment for felony murder and ruled that the underlying cruelty to children conviction merged into the felony murder. Shadron's motion for new trial was filed on March 10, 2000, and was denied on May 21, 2001. Pursuant to a notice of appeal filed on June 7, 2001, the appeal was docketed in this Court on February 21, 2002, and was submitted for decision after oral argument on May 13, 2002.

dent was his sole defense, the trial court was required to charge the jury, sua sponte, on the State's burden to disprove the defense. However, where, as here, there is no request for a charge on the State's burden to disprove the defense and

> the trial court charged "the jury on the elements of the defense of accident, the presumption of innocence, the burden of proof in general, criminal intent, and the burden to prove the elements of the crimes alleged in the indictment," the trial court did not err in failing to give an additional charge on the State's burden to disprove the defense of accident beyond a reasonable doubt. [Cit.]

*Stansell v. State*, 270 Ga. 147, 149 (2) (510 SE2d 292) (1998).

In a third enumeration of error on this subject, Shadron contends the failure to give the charge without request denied him due process of law. That contention is controlled adversely to him by *Bruce v. Smith*, 274 Ga. 432 (3) (553 SE2d 808) (2001).

In Shadron's last enumeration of error related to the failure to charge on the State's burden of disproving the defense of accident, he contends that trial counsel rendered ineffective assistance of counsel by failing to request a charge on that burden. Appellate counsel was appointed after Shadron's motion for new trial was denied.[2] Because this appeal was Shadron's first opportunity to raise the issue of ineffective assistance of trial counsel, we will remand the case for an evidentiary hearing on that claim. *Potter v. State*, 272 Ga. 430 (3) (530 SE2d 725) (2000).

3. Shadron contends the trial court's charge regarding the role of the grand jury[3] took away the presumption of innocence and lowered the State's burden of proof. Since instruction on the grand jury process is not required, and the phrasing of this particular instruction is awkward, the better practice would have been to omit it. Nonetheless, we do not perceive that the instruction given prejudiced Shadron in any way, and particularly did not impact either the pre-

---

[2] Although different counsel was appointed for the motion for new trial, that attorney was from the same public defender's office as trial counsel. "[D]ifferent attorneys from the same public defender's office are not to be considered 'new' counsel for the purpose of raising ineffective assistance claims. . . ." *Ryan v. Thomas*, 261 Ga. 661, 662 (409 SE2d 507) (1991). See also *Kennebrew v. State*, 267 Ga. 400 (2) (480 SE2d 1) (1996).

[3] The trial court's charge on the grand jury process included the following:
It's [the district attorney's] duty and responsibility to take all the evidence that they have and they present it to a grand jury and the grand jury looks at the case and says, is there sufficient evidence to which this person should go to court and stand trial and face these charges. And if the answer is yes, they return a true bill. If no, they return a no bill. . . . At the trial of the case, the state has the obligation of carrying the case forward and proving the case beyond a reasonable doubt.

sumption of innocence or the State's burden of proof. In addition to the charge set out in the footnote, which included a specific reference to the State's burden to prove its case beyond a reasonable doubt, the trial court instructed the jury, as provided for in the Pattern Jury Instructions, that neither the indictment nor the plea of not guilty should be considered as evidence, and that they are simply the means by which a case is brought before a jury in Georgia. As may be seen from the instruction excerpt footnoted here, the jury was not misled about the State's burden of proof at any stage of the proceeding and the charge did not diminish the presumption of innocence. We conclude, therefore, that Shadron's complaint regarding that instruction is without merit.

4. As part of its instruction on inferences, the trial court charged the jury as follows: "If a person of sound mind and discretion intentionally and without justification causes the death of another human being, then you may infer the intent to kill. And whether or not you draw such an inference from the evidence in this case is a matter solely within your discretion." That charge is similar to the instruction approved by this court in *Clark v. State*, 265 Ga. 243 (3) (c) (454 SE2d 492) (1995) (overruled on other grounds in *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998)), except that it omits language concerning deadly weapons which this Court found to be error in *Harris v. State*, 273 Ga. 608 (2) (543 SE2d 716) (2001). Shadron argues, however, that the charge was defective because it mentions the affirmative defense of justification but not the affirmative defense of accident which Shadron asserted in this case. In supposing that the challenged instruction had any connection with affirmative defenses, Shadron misapprehends the meaning of the instruction. The phrase "intentionally and without justification," in the context of this charge, refers to malice (see *Wade v. State*, 258 Ga. 324 (11) (d) (368 SE2d 482) (1988)), not to affirmative defenses. Thus, Shadron's contention that the charge negated his affirmative defense is not well taken.

5. In three enumerations of error, Shadron complains of the trial court's charge and recharge on felony murder. Specifically, he contends that the trial court eliminated the issue of malice from the case, that it improperly instructed the jury on the concept of merger of offenses, that it erred in failing to recharge on the affirmative defense of accident, and that it improperly instructed the jury on the subject of flight.

Contrary to Shadron's contention, the trial court did not eliminate the issue of malice. In its initial instruction and in the recharge, the trial court properly told the jury that felony murder can be committed "irrespective of malice." See OCGA § 16-5-1 (c). As to the underlying felony of cruelty to children in the first degree, the trial

court clearly and accurately charged the jury that a finding of malice was essential to a conviction for that crime. See OCGA § 16-5-70 (b). Accepting Shadron's construction of the jury instruction would require reading it in disjointed portions, without context. Viewing the charge as a whole, which we must do (*Stansell v. State*, supra, 270 Ga. at 151), the trial court's jury instructions with regard to malice were correct.

Shadron contends that the trial court's comment in colloquy with the jury that a conviction for cruelty to children would merge with a felony murder conviction was reversible error. He does not suggest how the statement harmed him, and although we perceive no good reason to mention merger to the jury, we perceive no harm in it in this case. "In order to have reversible error, there must be harm as well as error and the lack of harm makes this enumeration of error without merit. [Cit.]" *Prather v. State*, 275 Ga. 268, 271 (3) (564 SE2d 447) (2002).

The trial court's recharge covered the questions asked by the jury, but Shadron contends the trial court erred in not including with the recharge another statement of the law concerning the defense of accident. " '[W]here the jury requests further instructions upon a particular phase of the case, the court in (its) discretion may recharge them in full, or only upon the point or points requested.' " (Emphasis omitted.) *Duffie v. State*, 273 Ga. 314, 316 (2) (540 SE2d 194) (2001). Given the fact that the jury expressed no concern about accident and that the trial court here, as in *Duffie*, reminded the jury to consider the instructions as a whole and not to place undue emphasis on the recharge, we conclude that the trial court did not abuse its discretion by recharging the jury only on the issues it raised.

Finally, Shadron contends that his conviction must be reversed because the trial court charged on flight in violation of this Court's pronouncement in *Renner v. State*, 260 Ga. 515 (3) (b) (397 SE2d 683) (1990). However, the charge of which Shadron complains is not similar to the charge prohibited in *Renner*. In the context of explaining the relationship between the homicide and the underlying felony in felony murder cases, the trial court in the present case instructed the jury that the homicide must have occurred before the felony was at an end "or before any attempt to avoid conviction or arrest for the felony." The prohibited charge is one that states that an inference of guilt may be drawn from the fact of flight. See *Leverett v. State*, 254 Ga. 691 (2) (333 SE2d 609) (1985). Since the instruction at issue here does not suggest the possibility of an inference of guilt from the fact of flight, it is not subject to the objection raised by Shadron.

*Judgment affirmed; case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 25, 2002.

James J. Lacy, for appellant.

Stephen D. Kelley, District Attorney, Ann S. Williams, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General, for appellee.