### A07A0423. PORTILLA v. THE STATE.
#### (646 SE2d 277)

PHIPPS, Judge.

After a bench trial, Andre Portilla was convicted of aggravated assault and possession of a firearm during the commission of a felony.

---

His trial counsel filed a motion for new trial that was denied. Through a new attorney who did not appear in this case until after denial of the motion for new trial, Portilla now appeals.

He asks that the case be remanded for a hearing on a claim of ineffective assistance of trial counsel he now asserts. He also seeks a remand for determination of whether he validly waived his right to a jury trial. Because our examination of the evidence adduced at trial shows that Portilla has raised a colorable claim of ineffective assistance of counsel, and because he did so at the earliest practicable opportunity, we remand the case for a hearing on that claim. Because it affirmatively appears from the record that Portilla knowingly, voluntarily, and intelligently waived his right to a jury trial, a remand for resolution of that issue is unnecessary.

Prior to trial, the defense filed a notice of intent to present evidence of specific acts of violence by the alleged victim, Dirk Ray, against third persons pursuant to *Chandler v. State*[1] and Uniform Superior Court Rules (USCR).[2] Defense counsel stated in the notice that Ray previously had been convicted of an act of violence in Texas.

When the case was called for trial, defense counsel informed the court that Portilla intended to waive his right to a jury trial and have the case heard by the court. The court thereupon asked Portilla if it was in fact his desire to have the court decide the question of his guilt or innocence. Portilla responded yes. Through additional questioning, the court then confirmed that Portilla understood that he had a right to be tried by a jury of 12 citizens of the county, that he was mentally competent to waive that right, and that he had personally decided to waive the right after consulting with his family and attorney. The court then found that Portilla had knowingly, voluntarily, and intelligently waived his right to a jury trial.

Before the state began to present its case, defense counsel informed the court that he was withdrawing the *Chandler* request because he had been unable to locate any witnesses.

Several City of Atlanta police officers then testified on behalf of the state that on the day in question they had responded to the report of a shooting at an apartment building on Buckhead Avenue. When they arrived on the scene, they found Portilla standing near Ray. Portilla was holding a gun in one hand and a cell phone (which a defense witness testified he had used to call 911) in the other. Ray was lying on the ground in a pool of blood. Portilla complied with police commands to drop the gun and get down on the ground. He was then

---

[1] 261 Ga. 402, 407-408 (3) (405 SE2d 669) (1991).

[2] See *Murphy v. State*, 279 Ga. 410, 411 (2) (614 SE2d 53) (2005); USCR 31.1, 31.6.

arrested. Portilla told police that Ray had been staying at his apartment, that they had gotten into an argument after he asked Ray to leave, and that he had discharged his gun accidentally after Ray punched him in the face and then lunged at him.

Ray and his stepbrother Lonnie White also appeared as state's witnesses. White's testimony showed that Portilla and Ray were co-workers; that Portilla had let Ray and White sleep in the living room of his one-bedroom apartment to assist them financially; and that, after about a month, Portilla had asked them to leave. White denied that Ray had hit Portilla or lunged at him before Portilla shot Ray. Ray testified that he and Portilla exchanged words as he and White were moving out of Portilla's apartment at the time of the incident, and he denied having hit or threatened Portilla before he was shot.

Several witnesses then appeared for the defense. One of Portilla's and Ray's co-workers testified that Ray had a bad reputation in the community. Portilla's mother testified that she had gone to Portilla's apartment on the day in question to help her son move Ray and White from his apartment; that Ray had appeared at the apartment after she, Portilla, and White had done most of the packing; that Ray had appeared surprised and somewhat "freaked out" by what was happening; that he had begun to argue with Portilla; and that, although she had not seen the shooting, she had seen Ray lunging toward Portilla afterward. Portilla testified that he had offered to let Ray and White stay at his apartment before he had really gotten to know them; that, after they moved in, he discovered that they were chronic illegal drug users and that Ray had a propensity for violence; that he had been trying without success to get them to move out of his apartment; that on the day in question he had arranged to pack their belongings with the assistance of his mother and White while Ray was at work; that Ray had returned to the apartment unexpectedly early; that he had pulled out the gun after Ray hit him in the face; and that the gun had discharged accidentally after Ray continued coming toward him despite his demands to stop. Although none of the police officers who arrived on the scene described any injuries to Portilla, one officer testified that Portilla did have a red mark on his face, and another officer testified that Portilla told him immediately after the shooting that Ray had punched him in the face and that his face hurt.

1. The trial court did not err in finding that Portilla knowingly, voluntarily, and intelligently waived his right to a jury trial.

The constitutional right to a jury trial is "one of the three inherently personal rights of fundamental importance."[3] As such, the defendant must personally participate in the waiver of this constitutional right; and when the purported waiver of this right is questioned, the state bears the burden of showing the waiver was made knowingly, voluntarily, and intelligently.[4] The record shows that Portilla personally participated in the waiver of his right to a jury trial and provides abundant support for the trial court's findings as to the validity of the waiver. Neither error nor the need for a remand for resolution of the issue appears.

2. Portilla requests that this case be remanded to the trial court for a hearing on his claim that his trial attorney rendered ineffective assistance in failing to locate and present *Chandler* witnesses.

Because Portilla's appellate counsel did not begin to represent him until after the denial of his motion for new trial, this appeal was Portilla's first opportunity to raise the issue of ineffective assistance of trial counsel.[5] And because defense counsel's statement at trial that he unsuccessfully attempted to locate *Chandler* witnesses does not negate the possibility that his failure to do so constituted deficient performance, Portilla has asserted a colorable claim of ineffective assistance that requires an evidentiary hearing for its resolution.[6] We, therefore, remand the case for a hearing on the claim.[7]

*Case remanded. Johnson, P. J., and Mikell, J., concur.*

DECIDED APRIL 26, 2007 —
RECONSIDERATION DENIED MAY 16, 2007.

*Brian Steel*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.

---

[3] *Wooten v. State*, 162 Ga. App. 719, 720 (293 SE2d 11) (1982) (citation and punctuation omitted).

[4] See *Jackson v. State*, 253 Ga. App. 559, 560 (560 SE2d 62) (2002).

[5] See *Shadron v. State*, 275 Ga. 767, 769 (2) (573 SE2d 73) (2002).

[6] See *Potter v. State*, 273 Ga. 325 (540 SE2d 184) (2001) (where the case was remanded for hearing on a claim of ineffective assistance of counsel, and the trial court denied the claim after it was shown at the hearing that no credible *Chandler* evidence existed).

[7] See *Shadron*, supra.