## S08A0854. THOMPSON v. THE STATE.

(662 SE2d 124)

THOMPSON, Justice.

Marvin Thompson was convicted of malice murder in the shooting death of Leigh Franklin Mason.[1] On appeal, Thompson challenges an evidentiary ruling of the trial court and asserts that the court improperly omitted a portion of the jury instruction on circumstantial evidence. Finding no reversible error, we affirm.

Thompson admittedly shot and killed Mason, but claimed that he did so in self-defense after Mason approached him "face to face" and accused Thompson of stealing his money.[2] An eyewitness testified that Thompson responded verbally to the accusation and then drew a revolver from his pocket and shot Mason once in the head. Although the eyewitness observed a knife in Mason's back pocket, Mason did not display the knife nor did he threaten Thompson with it. Thompson testified that although he saw Mason reach toward his back, he was not in a position to see Mason's back pocket; he never saw a weapon in Mason's possession; and he did not know that Mason was carrying a knife that night. Thompson also admitted that he could have retreated from the altercation. The responding officer observed a knife on the ground "somewhat underneath" the victim.

Thompson fled from the scene and concealed the gun. When he was arrested and taken into custody, he gave the investigating officers several conflicting statements. He ultimately admitted that he shot Mason and he led the officers to the weapon.

1. There was ample evidence for a rational trier of fact to have rejected Thompson's justification defense and to have found him guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Murphy v. State*, 279 Ga. 410 (1) (614 SE2d 53) (2005).

2. Thompson submits that the trial court erred in granting the State's motion in limine, thereby precluding the defense from introducing evidence that Mason may have consumed cocaine in the hours

---

[1] The shooting occurred on April 9, 2006. A true bill of indictment was returned on July 6, 2006, charging Thompson with malice murder, felony murder predicated on aggravated assault, and aggravated assault. Trial commenced on October 16, 2006, and on October 19, 2006, a jury found Thompson guilty of all charged offenses. He was sentenced on October 19, 2006 to life imprisonment for malice murder; the remaining counts were merged. A motion for new trial was filed on November 16, 2006, amended on July 12, 2007, and denied on December 18, 2007. A notice of appeal was filed on January 14, 2008. The case was docketed in this Court on February 1, 2008, and oral argument was heard on May 20, 2008.

[2] The shooting took place in the hallway of a hotel in DeKalb County, Georgia, where the men were residing. Mason was hospitalized and he died three days later as a result of the gunshot wound.

preceding the shooting, and his general behavior when under the influence of cocaine.[3]

The defense proposed to introduce the evidence through the testimony of Kenny Butts, Mason's close friend who had shared his hotel room on the night of the shooting. The State's attorney suggested that Butts be questioned outside the presence of the jury to determine the substance of his testimony since the witness had given contradictory statements to counsel in pretrial interviews. The trial court, however, disallowed the proffer and granted the motion in limine, ruling that any evidence of cocaine consumption is irrelevant to the issues on trial, and even if relevant, any probative value is outweighed by its prejudicial effect.

Even assuming arguendo that Butts' testimony would have supported Thompson's claims, see generally *Bell v. State*, 280 Ga. 562, 566 (4) (629 SE2d 213) (2006), we conclude that any error in disallowing that evidence was harmless in light of the overwhelming evidence of guilt. See *Felder v. State*, 266 Ga. 574 (2) (468 SE2d 769) (1996) (reversal is not required if the evidence of guilt is overwhelming in that there is no reasonable probability that the verdict would have been different in the absence of this error).

3. Finally, we reject Thompson's assertion that the trial court erred in refusing to give his requested jury instruction in the language of OCGA § 24-4-6.[4] Thompson's "admission to having shot the victim, but claiming self-defense, removes this case from the rule that a conviction based *entirely* on circumstantial evidence can be affirmed only if every reasonable hypothesis other than guilt is excluded." (Emphasis supplied.) *Murphy*, supra at 410, fn. 3.[5] In addition, Thompson's claim of self-defense was contradicted by his own testimony that he had no knowledge that the victim was armed, and that he could have retreated from the altercation. Even assuming that the State introduced circumstantial evidence to establish some item of proof, and that Thompson's requested charge on OCGA § 24-4-6 should have been given, see *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994), any error was harmless in light of the overwhelming evidence of guilt.

---

[3] We note that the jury heard evidence that Mason had been consuming alcohol throughout the night preceding the early morning shooting, and that his blood alcohol level upon his admission to the hospital was 0.137, evidencing intoxication. A forensic expert testified that excessive alcohol consumption can result in combative, aggressive, or confrontational behavior.

[4] OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

[5] We note that the court correctly charged on the principles of direct and circumstantial evidence under OCGA § 24-1-1 (3) and (4); presumption of innocence; burden of proof; and reasonable doubt.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 2008.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Reggie A. Lampkin, Assistant Attorneys General*, for appellee.