A04A1657. WHITE v. THE STATE.
(603 SE2d 465)

PHIPPS, Judge.
Following the denial of his motion for new trial, James White appeals his convictions on three counts of financial transaction card theft. He challenges the sufficiency of the evidence and the effectiveness of his appointed trial attorney. Finding that the evidence is sufficient and that White has not carried his burden of showing ineffective assistance of counsel, we affirm.

"Under OCGA § 16-9-31 (a) (1), a person is guilty of financial transaction card theft when [he] 'takes, obtains, or withholds a financial transaction card from the person, possession, custody, or control of another without the cardholder's consent.' "[1]

Reviewed in a light most favorable to the verdict, the evidence showed that between 6:15 and 7:15 p.m. on December 6, 2001, Yolanda O'Hern's car was burglarized. A purse containing three of her credit cards was stolen. Around 7:30 the same evening, White and his co-indictee, Kenneth Lamar Jones, purchased about $900 worth of merchandise at a nearby Rich's department store with two of O'Hern's stolen credit cards. Jones paid for the merchandise by presenting the credit cards. White accompanied him to the registers and assisted him by carrying the bags containing the goods they had purchased. It appeared to a store detective who had the transactions under surveillance that White was acting as a lookout. When Jones later attempted to remove a security device from an article of clothing, an alarm sounded. Jones and White were then confronted by the store manager, who asked for identification. Unable to produce any identification, both Jones and White fled. They were, however, later apprehended. Two of O'Hern's credit cards were found in Jones's possession. The third credit card was found in White's possession.

1. The evidence was clearly sufficient to authorize any rational trier of fact to find beyond a reasonable doubt that Jones and White were parties to the three counts of financial transaction card theft.[2]

2. White charges his trial lawyer with ineffectiveness in admitting at the beginning of the trial that there was a substantial chance he would be found guilty, in not pursuing a defense of shifting the culpability to Jones, in making a demand for speedy trial, and in not reserving exceptions to the jury charge.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness and that the deficiency prejudiced the defense.[3] "With respect to the performance prong, counsel . . . is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.' [Cit.]"[4] In the absence of evidence to the contrary, counsel's actions are presumed strategic.[5]

---

[1] *Johnson v. State*, 246 Ga. App. 239, 241 (2) (539 SE2d 914) (2000).

[2] See id.; *Wilson v. State*, 212 Ga. App. 325 (1) (441 SE2d 808) (1994), rev'd on other grounds, *Mohamed v. State*, 276 Ga. 706, 709 (1) (583 SE2d 9) (2003).

[3] *Doctor v. State*, 275 Ga. 612, 614 (5) (571 SE2d 347) (2002).

[4] *Head v. Ferrell*, 274 Ga. 399, 404 (554 SE2d 155) (2001).

[5] *Brewer v. State*, 219 Ga. App. 16, 21 (7) (463 SE2d 906) (1995).

The transcript shows that counsel informed the court of the likelihood that White could be found guilty in explaining why he had advised White to plead guilty. Because counsel made these statements outside the presence of the jury, there was no prejudice to the defense. There is no merit in White's claim that his attorney failed to defend the case by attempting to shift the blame to Jones. The transcript shows that this was precisely the defense that counsel pursued. The trial court was authorized to find that counsel had decided to move for a speedy trial in order to try the case in Jones's absence, and that this was sound trial strategy. As to counsel's failure to reserve exceptions to the court's jury instructions, White has not shown prejudice as it does not appear that any of the instructions were erroneous.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 10, 2004.

*Patrick G. Longhi*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.