## A04A2237. LEWIS v. THE STATE.
(606 SE2d 77)

BLACKBURN, Presiding Judge.

Following his conviction for armed robbery and possession of a firearm during the commission of a felony, Marcus Lewis moved for a new trial, claiming he received ineffective assistance of counsel. Finding that Lewis's counsel strategically decided to offer a coercion defense (in light of the overwhelming evidence against Lewis), the trial court denied the motion, which ruling Lewis appeals. For the reasons set forth below, we affirm.

Construed in favor of the verdict, the evidence shows that Lewis robbed the victim of his wallets and keys when the victim was at his car in a parking lot. After Lewis escaped on foot, the victim ran to a nearby convenience store to call police, where he found an officer. As the victim was informing the officer of the robbery, the victim saw Lewis exit the store and immediately identified him to the officer as the perpetrator. Lewis fled and hid in a nearby dumpster, where police found him only minutes later in possession of a gun and the victim's stolen wallets and keys. Lewis then confessed in writing to the robbery but indicated he was coerced by another gunman.

Lewis was charged with armed robbery, aggravated assault, and two counts of possession of a firearm during the commission of a felony. With regard to a second armed robbery that occurred within a month of this armed robbery, Lewis was charged with similar counts. At trial, his counsel argued that Lewis was coerced to commit the first robbery but had nothing to do with the second robbery. During trial, both victims identified Lewis as the armed robber. The jury found Lewis guilty of the first armed robbery but acquitted him of the second. He was sentenced for the first armed robbery and for the related possession of a firearm during the commission of a felony.

Lewis moved for a new trial and testified at the hearing thereon that he was shocked when his counsel claimed in the opening statement that Lewis had committed the first robbery but was coerced into doing so. Lewis maintained he had previously informed his counsel that he did not rob the first victim and that he did not approve the coercion defense. Counsel responded to Lewis that this approach would not be credible. Although Lewis's trial counsel was unable to testify at the hearing, the trial court assumed for purposes of its judgment that counsel would have confirmed Lewis's testimony. The court found that counsel's decision as to which defense to pursue was a strategic decision belonging to counsel and did not constitute ineffective assistance in light of the overwhelming evidence that Lewis had committed the robbery.

Lewis challenges that ruling on appeal, claiming counsel was ineffective in not following his instruction to contest the first robbery and in instead asserting a coercion defense.

> In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. With respect to the performance prong, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

(Punctuation and footnotes omitted.) *White v. State.*[1] The trial court's factual findings are upheld unless clearly erroneous, whereas its legal conclusions are reviewed de novo. *Washington v. State.*[2]

The trial court did not err in concluding that Lewis was unable to meet the performance prong of the required showing. Trial counsel's decision to pursue the coercion defense rather than a mistaken identity defense was clearly a strategic decision that was virtually unchallengeable as grounds for ineffective assistance. As outlined in *Prince v. State,*[3]

> decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; and (iii) whether to testify. What trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with the client.

(Punctuation omitted.) Accordingly, "[a]n attorney's decision about which defense to present is a question of trial strategy" that is within his province to make. *Washington*, supra at 659 (3) (b). See *Brown v. State.*[4] Lewis presented no evidence showing his counsel's decision was not strategic. See *White*, supra at 73 (2) ("In the absence of evidence to the contrary, counsel's actions are presumed strategic.") (footnote omitted).

The evidence that Lewis committed the first robbery included (a) his signed confession admitting to the robbery, (b) his possession of the stolen goods and the gun within minutes and in the vicinity of the

---

[1] *White v. State*, 269 Ga. App. 72, 73 (2) (603 SE2d 465) (2004).

[2] *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003).

[3] *Prince v. State*, 277 Ga. 230, 234 (3) (587 SE2d 637) (2003).

[4] *Brown v. State*, 237 Ga. App. 231, 234 (2) (517 SE2d 529) (1999).

robbery, (c) the victim's immediate identification of Lewis as the robber at the scene and the victim's unequivocal in-court identification, and (d) Lewis's flight from police and his hiding in the nearby dumpster. On the other hand, Lewis's confession did indicate that another man threatened Lewis with a gun to coerce him to commit the robbery. In light of these circumstances, counsel's decision to pursue the coercion defense (an affirmative defense under OCGA § 16-3-26 for armed robbery — see *Jones v. State*[5]) easily fell within "the wide range of reasonable professional assistance." (Punctuation omitted.) *Washington*, supra at 658 (3). The trial court did not err in concluding that Lewis failed to carry his burden of showing ineffective assistance.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED OCTOBER 12, 2004 — ▮▮▮▮▮▮▮

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[5] *Jones v. State*, 226 Ga. App. 619, 621 (1) (487 SE2d 371) (1997).