## S04A1844. SAMPSON v. THE STATE.
### (608 SE2d 621)

HUNSTEIN, Justice.

John Sampson was tried jointly with his brother, Greg Styles, on charges of malice murder, felony murder, aggravated assault, three counts of making a false statement to law enforcement officers, and four counts of giving a false name to law enforcement officers arising out of the shooting death of Lafe Johnson during an attempted robbery, and found guilty of all charges except malice murder. He appeals from the denial of his motion for new trial.[1]

1. Evidence adduced at trial authorized a jury to find that Lafe Johnson, Charles "Pops" Holloway and two other men were playing

---

[1] The crimes occurred on June 2, 2002. Sampson was indicted on December 23, 2002 in DeKalb County. He was found guilty on all counts, except malice murder, on August 8, 2003 and was sentenced on September 16, 2003 to life imprisonment based on the felony murder, and given a concurrent ten year sentence for the aggravated assault, a concurrent three year sentence for making false statements and an additional twelve month concurrent sentence for giving a false name to a law enforcement officer. His motion for new trial, filed September 23, 2003 and amended April 19, 2004, was denied April 28, 2004. A notice of appeal was filed May 13, 2004. The appeal was docketed in this Court on July 19, 2004 and was submitted for decision on the briefs.

cards in Holloway's garage when Sampson and Styles entered the garage wearing masks and army fatigues, armed with a shotgun and automatic pistol. Sampson held the four men at gunpoint while Styles attempted to rob the home. Holloway followed Styles into the home, scuffled with him, and was shot once in the leg. Meanwhile, Johnson charged Sampson in the garage and during their scuffle, Sampson fatally shot Johnson in the abdomen and shot himself in the foot. Afterwards, Sampson and Styles went to a neighbor's apartment for assistance. The neighbor noted Sampson's gunshot wound and Sampson explained that "somebody was worse off than he was." The next day, Styles told the neighbor to provide them an alibi by telling police that Sampson was at her house the previous night and received the foot injury while trying to escape from a robber who attacked him.

Sampson and Styles were arrested the day after the crimes when Sampson sought treatment for his injury at an emergency clinic. The police spoke with Sampson believing that he was the victim of a robbery. When questioned, Sampson gave police a false name and stated that he was shot when someone tried to rob him while walking through the woods. Sampson voluntarily accompanied the police for further questioning about his attack. At the police station, Sampson was read his *Miranda* rights and the police took a second statement wherein Sampson again misidentified himself and reiterated that he was the victim of an attempted robbery. Following his arrest, while incarcerated in the DeKalb County jail, Styles told two inmates that he was involved in a robbery, that he shot "Pops," and that "one of the guys" shot somebody and also shot himself.

Reviewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found Sampson guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sampson contends that the admission at trial of Styles's statements to fellow prisoners violated his state and federal rights to confront witnesses under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). A *Bruton* violation occurs when a co-defendant's confession or statement inculpating the defendant is considered by the jury as evidence against the defendant, who was not a party to the confession. However, *Bruton* is not applicable where as here the confession of the non-testifying accomplice does not on its face implicate the criminal participation of the co-defendant. *Moss v. State*, 275 Ga. 96, 98 (2) (561 SE2d 382) (2002). See also *Johnson v. State*, 275 Ga. 650 (2) (571 SE2d 782) (2002). In light of the fact that Styles's non-custodial statement consisting of a reference to a robbery and a shooting by "one of the guys" did not inculpate Sampson, the admission of the statement did not mandate that the trial court try the jointly-indicted defendants separately.

3. Sampson contends that the trial court erred in permitting two witnesses to testify as to the statements made to them by Styles. However, Sampson's failure to object to the witnesses' testimony leaves nothing for review. *Huntley v. State*, 271 Ga. 227 (6) (518 SE2d 890) (1999).

4. Sampson asserts that the trial court erred in denying his motion to sever for trial the charges relating to false statements to the police. An absolute right to severance exists only where the crimes are joined together solely because of their similarity. *Bland v. State*, 264 Ga. 610 (2) (449 SE2d 116) (1994). However, a defendant does not have the automatic right of severance if the offenses are based on a single transaction or the crimes evidence a common plan or scheme. *Shiver v. State*, 276 Ga. 624 (3) (581 SE2d 254) (2003); *Haisman v. State*, 242 Ga. 896 (3) (252 SE2d 397) (1979). In this case, the false statement charges Sampson sought to sever stemmed from conduct involving his continuing efforts to conceal his participation in the robbery and murder. The trial court, therefore, did not err in refusing to sever these charges at trial.

5. After the charge, the jury deliberated and then returned requesting the legal definitions of murder, felony murder, aggravated assault, and conspiracy. Over objection by Sampson's counsel, the trial court recharged the jury. See *Dill v. State*, 277 Ga. 150 (2) (587 SE2d 56) (2003) (duty of court to recharge jury per specific request). Contrary to Sampson's contention, when the jury requested additional instructions on a point of law, it was within the trial court's discretion to limit the scope of the recharge to issues pertinent to the jury's request. *Boynton v. State*, 277 Ga. 130 (2) (587 SE2d 3) (2003).

6. Sampson asserts that trial counsel was ineffective because she failed to introduce medical evidence to show that Sampson's foot injury was consistent with his claim that he was shot while running away from a robbery attempt and failed to object to improper admission of statements Sampson made to two police officers during custodial interrogation. In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show both that counsel's performance was deficient and that this deficient performance so prejudiced the defense that, absent counsel's errors, there is a reasonable likelihood that the outcome of trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.]" *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

Applying the *Strickland* standard, we conclude that trial counsel's performance was not constitutionally flawed and that the trial court's determination that Sampson received effective assistance of

counsel was not clearly erroneous. See generally *Willingham v. State*, 268 Ga. 64 (6) (485 SE2d 735) (1997). The record reveals that counsel attempted to secure the presence of the emergency room doctor at trial but was unsuccessful in locating him. There was no testimony by the doctor or other evidence adduced at the hearing on the motion for new trial to show that the omitted testimony would have been relevant and favorable. See *Smith v. State*, 273 Ga. 356 (3) (541 SE2d 362) (2001). Accordingly, Sampson did not carry his burden of proving that his counsel's performance was deficient. See *Hudson v. State*, 277 Ga. 581 (4) (a) (591 SE2d 807) (2004). Trial counsel also explained that she did not object to the testimony of the police officers because that issue had been resolved adversely to Sampson during a pretrial hearing. We are not persuaded that *State v. Ritter*, 268 Ga. 108 (485 SE2d 492) (1997) requires a different result because Sampson's statements to the police involved a denial of culpability for the crimes, not a confession induced by trickery and deceit. Accordingly, we conclude that Sampson has not shown that his trial counsel failed to exercise reasonable professional judgment. See generally *Bryant v. State*, 274 Ga. 798 (2) (560 SE2d 23) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2005.

*Maria Murcier-Ashley*, for appellant.

*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Raina J. Nadler, Assistant Attorney General*, for appellee.