## A05A1997. VINCENT v. THE STATE.
### (623 SE2d 255)

BLACKBURN, Presiding Judge.

Following a jury trial in which he was convicted of burglary, Robert E. Vincent appeals the trial court's denial of his motion for a new trial, contending: (1) the trial court deprived him of his constitutional right to confrontation by allowing his nontestifying co-defendant's statement to be introduced at trial, (2) he received ineffective assistance of counsel at trial because his counsel failed to object on *Bruton*[1] grounds to the admission of his co-defendant's statement, (3) his constitutional right to confrontation was violated because the indictment incorrectly identified a witness, and (4) the evidence fatally varied from the allegations in the indictment. We disagree and affirm.

Viewed in the light most favorable to the verdict, *Grant v. State*,[2] the record shows that after committing two burglaries, Vincent and two men drove to the house of Jacqueline James, whom they did not know. James's mother, Fannie Mae Murphy, who lived next door, witnessed the three men enter James's dwelling. After Murphy yelled at the men, they left James's dwelling and drove away without taking anything.

Later that day, Vincent and the two men were arrested at a pawn shop in possession of the items taken from the prior burglaries. One of the other men, Bobby Cannon, gave a statement to the police implicating Vincent in the two prior burglaries and in the subsequent entry to James's dwelling.

After pleading guilty to the two prior burglaries, the three men were tried as co-defendants for the burglary at the James dwelling. At trial, over Vincent's objection, the State read Cannon's statement into the record. After a guilty verdict, Vincent's motion for a new trial was denied, and he filed this appeal.

1. Vincent contends that the trial court deprived him of his Sixth Amendment right to confrontation by admitting Cannon's statement in violation of *Bruton*. This enumeration is without merit.

"A *Bruton* violation occurs when a [nontestifying] co-defendant's confession or statement inculpating the defendant is considered by the jury as evidence against the defendant, who was not a party to the confession." *Sampson v. State*.[3] However, pretermitting whether Cannon's statement violates *Bruton*, Vincent did not object to the introduction of Cannon's statement on the basis of *Bruton*. Instead,

---

[1] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[2] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

[3] *Sampson v. State*, 279 Ga. 8, 9 (2) (608 SE2d 621) (2005).

Vincent objected on the grounds that the statement was irrelevant and that it would impermissibly tend to show bad character. The trial court admitted the statement over Vincent's objection, and no further objection was made with respect to a *Bruton* violation.

"In order to raise on appeal contentions concerning admissibility of evidence the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver." (Punctuation and emphasis omitted.) *Hunter v. State.*[4] Moreover, "an objection on a specific ground or grounds at trial waives any objection to that evidence on other grounds on appeal. Accordingly, all other grounds for objection . . . are not preserved for appeal." (Punctuation omitted.) *Ross v. State.*[5] "Since there was no *Bruton* objection at trial, he is foreclosed from raising this claim on appeal." (Punctuation omitted.) *Sharpe v. State.*[6]

2. Vincent contends that his trial counsel rendered ineffective assistance because she failed to object to the alleged *Bruton* violation. Evidence showing otherwise supports the trial court's rejection of this claim.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State.*[7]

At the outset, we note that Vincent's trial counsel did object to the introduction of Cannon's statement, albeit on other ultimately unsuccessful grounds. At the hearing on Vincent's motion for a new trial, trial counsel testified that prior to trial she had discussed the *Bruton* issue with counsel for the State and counsel for Cannon. It appears from the record, based on her client's desire to be tried with the other two defendants and to present a unified front, she did not raise a

---

[4] *Hunter v. State*, 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991).
[5] *Ross v. State*, 231 Ga. App. 793, 801 (14) (499 SE2d 642) (1998).
[6] *Sharpe v. State*, 272 Ga. 684, 689 (9) (531 SE2d 84) (2000).
[7] *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

potential *Bruton* violation as an issue. Moreover, she testified that, based on her discussion with Cannon's attorney, she assumed that Cannon's attorney would challenge the authenticity of Cannon's statement. It is within the province of the trial attorney to make strategic decisions, and absent "evidence to the contrary, counsel's actions are presumed strategic." *White v. State*.[8] "With the benefit of hindsight, it would appear that this strategy may have backfired. But that is not to say that it was ineffective" as a matter of law. (Punctuation omitted.) *Phillips v. State*.[9] Therefore, we discern no clear error on the part of the trial court.

3. Vincent also contends that he was deprived of his Sixth Amendment right to confrontation because the indictment incorrectly listed the victim as "Jacqualine Smith" instead of as Jacqueline James. However, this enumeration was expressly abandoned at the hearing on Vincent's motion for a new trial, and it is therefore not preserved for review on appeal. See *Willis v. Bozeman*.[10] Nevertheless, we note that "it is not necessary to name the victim in an indictment for burglary, since it is a crime against property." *Dennard v. State*.[11] See also *Arrington v. State*.[12] Moreover, at trial, Vincent's attorney was aware that Jacqueline James was the witness's correct name and understood James's role as a witness. Therefore, we discern no reversible error.

4. Similarly, Vincent contends that the evidence at trial fatally varied from the allegations of the indictment, in that the indictment incorrectly described the residence Vincent entered as the dwelling of "Jacqualine Smith," instead of as the dwelling of Jacqueline James. This analysis turns on

> whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance "fatal."

---

[8] *White v. State*, 269 Ga. App. 72, 73 (2) (603 SE2d 465) (2004).

[9] *Phillips v. State*, 277 Ga. 161, 163 (b) (587 SE2d 45) (2003).

[10] *Willis v. Bozeman*, 224 Ga. 729, 731 (5) (164 SE2d 841) (1968).

[11] *Dennard v. State*, 243 Ga. App. 868, 877 (2) (534 SE2d 182) (2000).

[12] *Arrington v. State*, 160 Ga. App. 645, 646 (2) (288 SE2d 97) (1981).

*Weeks v. State.*[13]

Here, the indictment also identified the dwelling Vincent entered as "located at 115 Fannie Murphy Road," and there was testimony that the residence Vincent entered was the "115 Fannie Mae Murphy Road residence." Therefore, "[e]ven assuming that someone other than [James lived in] the house, the indictment did not mislead [Vincent] in such a manner that impeded his ability to present a subsequent defense or surprise him at trial, and he cannot be subjected to a subsequent prosecution for the burglary of the residence in question." *Edward v. State.*[14] Accordingly, we hold that the evidence did not fatally vary from the indictment.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED NOVEMBER 17, 2005.

*Barbara N. Lanier*, for appellant.

*Tom Durden, District Attorney, Joe G. Skeens, Assistant District Attorney*, for appellee.

---

[13] *Weeks v. State*, 274 Ga. App. 122, 125 (1) (616 SE2d 852) (2005).

[14] *Edward v. State*, 261 Ga. App. 57, 59 (2) (581 SE2d 691) (2003).